[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10203
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cr-00195-MSS-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY F. BOHN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 3, 2016)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Jeffrey F. Bohn appeals his conviction for two counts of making false material statements to a federal agent in violation of 18 U.S.C. § 1001. Bohn argues that the evidence at trial was insufficient to show that he had specific intent to make the false statements. After careful consideration, we affirm.

I.

Bohn is a former Immigration Services Officer with the United States Customs and Immigration Service (USCIS). On September 11, 2006, Laura Maldonado, a non-citizen who was seeking to renew her son's residency status, arrived at Bohn's office with her son. Bohn stamped her son's passport as "approved" to stay in the United States for an additional year. Maldonado then began to speak to Bohn about her own immigration status. She told him that she had an application for legal status pending but that she did not have her paperwork with her. She was "very nervous." Bohn told her "to try to calm down" and "to wait to get [her] paperwork arranged first." Maldonado and her son then left Bohn's office.

Later that day, Bohn called Maldonado's cell phone and offered to "help" her if she would bring her immigration paperwork to his office the next day. When she went to Bohn's office as instructed, rather than meet with Maldonado in his office, Bohn took her out to lunch. She provided Bohn with her paperwork, he returned to his office, and she went home. Later that day, Bohn called Maldonado

2

and told her that he would come to her house.  When Bohn got there, he came in and "started touching" her.  He told her that he had "fallen in love [with her] at first sight" and "wanted to marry" her.  He kissed her, groped her, and then attempted to have sex with her, but Maldonado refused.

The next day, Maldonado called Bohn to ask him about the immigration paperwork that he had taken from her at the restaurant and had not returned.  Bohn told her he would come over to her house again.  This time, they had sex. Maldonado testified that she remained "calm" and never told Bohn to stop because he still had her paperwork and she was afraid of possible reprisals, including deportation.

Bohn and Maldonado's sexual relationship continued for months.  They typically met when Bohn was on his lunch break from USCIS and always at Maldonado's house.  They had sex "[e]very time he wanted to."  According to Maldonado, Bohn "took [her] as if [she] was his whenever he wanted."  Bohn told Maldonado that she should not make a complaint against him because if she "mess[ed] with his job," then "it was going to go badly for [her]."  During the course of their relationship, Bohn repeatedly told Maldonado that he wanted to marry her and have children with her.

During one of Bohn's meetings with Maldonado, he advised her to apply for residency as a widow, as Maldonado had previously been married to an American

citizen who passed away.  Bohn told her that he would ask for a "special favor" from a friend "higher up" to get her residency status approved.  In November 2006, Maldonado filed a petition for adjustment of status as a widow of a U.S. citizen, as Bohn had instructed.

Maldonado saw Bohn for what would be the last time in February 2007. After they had sex, Maldonado used a sock to collect and save a sample of Bohn's semen.  Then, after their last time seeing each other, Maldonado found out that her petition was denied.  When she called Bohn to discuss the denial of her petition, he told her that he did not want to talk to her anymore.

In January 2013, the Department of Homeland Security began to investigate an allegation that Bohn misused his position to obtain sexual favors from Maldonado.  Special Agent Edgardo Rosado interviewed Bohn on two different occasions. In the first interview, Agent Rosado asked Bohn if he had any relationships with foreign nationals during his employment with USCIS.  Bohn described relationships with three different women but did not mention Maldonado.  Bohn denied having a relationship with any foreign national other than the three women he identified.  Agent Rosado then showed Bohn a photograph of Maldonado and asked if he had ever had a relationship with someone named Laura Maldonado.  Bohn denied having a relationship with or even knowing her.  Agent Rosado then specifically asked Bohn whether he ever

had sex with Maldonado.  Bohn replied "no," and wrote a statement that he never had sex with Maldonado.  Agent Rosado then informed Bohn that Maldonado had collected a sample of his semen and asked Bohn for consent to take a DNA sample, which Bohn provided.

In July 2014, Agent Rosado conducted a second interview of Bohn.  At the beginning of the interview, Bohn provided a written statement saying:

> I state that I have no recollection of ever having seen the lady showed [sic] to me, Laura Bohorquez a/k/a Laura Maldonado, and I positively never had sex with her.  I have never gone out with her socially or otherwise, meaning no sexual contact whatsoever.

Agent Rosado then confronted Bohn with the fact that his DNA matched the sample Maldonado had collected.  Agent Rosado also showed Bohn a picture of Maldonado and Bohn together.  When confronted with this evidence, Bohn was "taken aback."  His posture changed, he started rubbing his lips, he began looking down, and he had a surprised look on his face.  Bohn then admitted to knowing Maldonado.  He admitted that he had "gone to her residence" and that "what he did was wrong," but he did not specifically admit to having sex with Maldonado.  In explaining why he had previously denied knowing her, Bohn told Agent Rosado that "he had blocked it out."  Bohn then wrote a second statement, in which he said:

> I honestly had no recollection of the lady shown to me, Laura Bohorquez Maldonaldo [sic], as the photo shown to me was not familiar to me.  Once Agent Rosado showed me a photo with myself

and a lady, he mentioned they were one and the same person. I never
intentionally lied and did not recall seeing this lady previously. I want
you to know I never deliberately lied, I honestly did not recall seeing
this lady.

At trial, Bohn conceded that his statements that he did not have sex with
Maldonado were materially false, but argued that the government failed to prove
that he knew the statements were false at the time he made them. The jury found
Bohn guilty of making false material statements to a federal agent in violation of
18 U.S.C. § 1001.

## II.

Bohn claims that the evidence at trial was not sufficient to support his
conviction. We review de novo the sufficiency of the evidence, viewing the
evidence in the light most favorable to the government and drawing "all reasonable
inferences and credibility choices in favor of the jury's verdict." United States v.
Evans, 344 F.3d 1131, 1134 (11th Cir. 2003). We will affirm the conviction if a
reasonable juror could have concluded that the evidence established the
defendant's guilt beyond a reasonable doubt. United States v. Hasson, 333 F.3d
1264, 1270 (11th Cir. 2003).

To obtain a conviction under 18 U.S.C. § 1001, the government must prove
five elements: (1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5)
agency jurisdiction. United States v. Lawson, 809 F.2d 1514, 1517 (11th Cir.
1987). Bohn challenges the sufficiency of the evidence only as to specific intent.

To prove specific intent, the government must show that the defendant had "intent to deceive by making a false or fraudulent statement." United States v. Dothard, 666 F.2d 498, 503 (11th Cir. 1982). The government may prove this through circumstantial evidence alone. See United States v. Macko, 994 F.2d 1526, 1533 (11th Cir. 1993).

The evidence at trial was sufficient for a reasonable juror to conclude that Bohn remembered Maldonado all along and intentionally lied to Agent Rosado when he denied knowing her. To begin with, there is the nature of the relationship itself. Bohn and Maldonado had a sexual relationship that extended over many months. Bohn told Maldonado that he loved her and wanted to marry her. He told her that he wanted to have children with her. The jury was free to conclude that a relationship of this duration and intensity is not something that a person— especially an Immigration Services Officer in Bohn's position—would forget.

The evidence also showed that even while the relationship was ongoing, Bohn took steps to conceal it. He met with Maldonado only outside of his office and threatened that things would "go badly for [her]" if she reported their relationship. The fact that Bohn concealed the relationship while it was occurring suggests he knew it was inappropriate. This is strong evidence that he intended to deceive investigators when he denied the existence of the relationship to Agent Rosado. Bohn's startled reaction when confronted with physical proof of his lie,

7

and his far-fetched explanation that he "blocked" out the memory of the relationship, only bolster the conclusion that his lies were intentional.

Because the evidence was sufficient to support the jury's finding of specific intent, Bohn's conviction is **AFFIRMED.**